# In the United States Court of Federal Claims

No. 14-301

(Filed: May 29, 2014)

```
*************************************
                                    *
FIRSTLINE TRANSPORTATION             *
SECURITY, INC.,                      *
                                    *
              Plaintiff,             *
                                    *
v.                                   *    Bid Protest; Supplementing the
                                    *    Administrative Record; Court's
THE UNITED STATES,                   *    Consideration of Expert Witness's
                                    *    Declaration; Federal Rule of
              Defendant.             *    Evidence 702.
and                                  *
                                    *
AKAL SECURITY,                       *
                                    *
              Defendant-Intervenor.  *
*************************************
```

*Bradley D. Wine*, with whom were *Pablo A. Nichols*, and *Catherine L. Chapple*, Morrison & Foerster LLP, McLean, Virginia for Plaintiff.

*William J. Grimaldi*, Trial Attorney, with whom were *Stuart F. Delery*, Assistant Attorney General, *Robert E. Kirschman, Jr.,* Director, and *Bryant G. Snee*, Deputy Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., *Peter Jones* and *Michael Kiffeny*, Office of Chief Counsel, Transportation Safety Administration, Of Counsel, for Defendant.

*Terrence M. O'Connor*, with whom were *Seth C. Berenzweig*, *Stephanie D. Wilson*, *Kathryn M. Lipp*, and *John W. Polk*, Berenzweig Leonard LLP, McLean, Virginia for Intervenor.

OPINION AND ORDER

WHEELER, Judge.

Background

On April 15, 2014, Plaintiff FirstLine Transportation Security, Inc. ("FirstLine") filed a post-award bid protest challenging the award of an airport security screening contract by the Transportation Safety Administration ("TSA") to Akal Security, Inc. ("Akal"). Along with its complaint, FirstLine attached a declaration of a proposed expert witness, Mr. Jimmy J. Jackson, of JJ Jackson Consulting, Inc. Mr. Jackson's declaration contained extensive mathematical analysis of the TSA's evaluation of FirstLine's and Akal's proposals.

The Court held an initial scheduling conference on April 17, 2014. During this conference, the Court expressed the preliminary view that Mr. Jackson's declaration ought to be considered as part of the Court's record, although not as part of the agency's administrative record. The Court made a distinction between the agency's compilation of documents considered in reaching an award decision, and Mr. Jackson's expert declaration that was not submitted until later. The question presented was and is whether the Court should consider an expert's declaration in reviewing the agency's decision under the circumstances of this case.

On May 1, 2014, the Government and Akal filed motions pursuant to Rule 12(f) of the Rules of the Court of Federal Claims ("RCFC") requesting that the Court strike the declaration from the record.[1] The Government and Akal argued, inter alia, that the declaration included a number of legal conclusions. On May 15, 2014, Plaintiff filed a second declaration from Mr. Jackson and asked that the second declaration be substituted for the first. This declaration did not contain the alleged legal conclusions to which Defendant objected. The Court thus will limit its analysis to the second Jackson declaration.

According to FirstLine, the Jackson declaration has two primary objectives. First, the declaration includes a quantitative analysis of labor hours, labor rates, and other cost components that are already in the administrative record. Second, the declaration describes the prejudice to FirstLine resulting from the alleged errors committed by the Source Selection Authority ("SSA"). As an example, the declaration provides a statistical analysis of what the SSA would have found if the SSA had examined carefully the offerors' screening hours.

---

[1] The Government also filed its motion pursuant to RCFC 59, requesting that the Court reconsider its inclusion of the Jackson declaration in the record.

2

Analysis

A.  Standard for Decision

In bid protest cases, the focus of the judicial review should be "the administrative record already in existence, not some new record made initially in the reviewing court." Seaborn Health Care, Inc. v. United States, 101 Fed. Cl. 42, 50 (2011) (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)).  Supplementation of the administrative record should be limited to cases in which the omission of extra-record evidence would preclude effective judicial review.  Axiom Res. Mgmt., Inc. v. United States, 564 F.3d 1374, 1380 (Fed. Cir. 2009).

Under 28 U.S.C. § 1491(b)(4), the standards in the Administrative Procedure Act govern the judicial review of a protest challenging an agency's procurement action. These standards permit the Court to set aside an agency's action or decision that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2).

The Court examines the administrative record of the procurement to determine whether the record supports the agency's decision.  Holloway & Co., PLLC v. United States, 87 Fed. Cl. 381, 389 (2009).  By limiting review to the record that was before the agency, the Court can guard against the risk of converting the arbitrary and capricious standard into a *de novo* review.  For this reason, the parties' ability to supplement the administrative record is limited in bid protests.  PlanetSpace, Inc. v. United States, 90 Fed. Cl. 1, 5 (2009).

The Federal Circuit's holding in Axiom makes clear that supplementation of the administrative record should occur sparingly, but it does not mean that supplementation is always prohibited.  Bannum, Inc. v. United States, 89 Fed. Cl. 184, 188 (2009). Several post-Axiom decisions have allowed supplementation of the record when necessary for the Court to have a complete understanding of the issues before it.  See, e.g., Fulcra Worldwide, LLC v. United States, 97 Fed. Cl. 523, 535 (2011) (allowing supplementation of the record for Plaintiff's "bait and switch" allegations where administrative record contained limited information on the allegations); Global Computer Enter., Inc. v. United States, 88 Fed. Cl. 52, 63 (2009) (supplementing record with declarations from disappointed bidder's employees because material was significant to understanding the issues in the bid protest); Bannum, 89 Fed. Cl. at 189 (concluding that protester's additional documents were needed for a complete understanding of the issues, otherwise Court would be analyzing claims in a vacuum).

3

B. <u>The Second Jackson Declaration is Necessary to Permit Meaningful Review of the Record.</u>

The Court has a responsibility to ensure that a bid protest proceeding is not converted into a *de novo* review, but this requirement must be balanced against the obligation to ensure that the position of both parties is fully understood. <u>Acad. Facilities Mgmt. v. United States</u>, 87 Fed. Cl. 441, 455 (2009). In making the threshold determination of whether supplementation is necessary, the Court evaluates the entire administrative record and decides whether the existing information is sufficient to resolve the case effectively. <u>Kerr Contractors, Inc. v. United States</u>, 89 Fed. Cl. 312, 335 (2009), *aff'd*, 374 F. App'x 979 (Fed. Cir. 2010). Here, after evaluating the information in the administrative record, the Court finds that Mr. Jackson's detailed analysis of the labor rates and hours in the offerors' proposals is necessary for effective judicial review. FirstLine's contentions are based in part on a quantitative analysis of data, and counsel for Plaintiff maintains that he needs expert testimony in order to fully make his argument.

The Court perhaps is able to extrapolate relevant information from the record without the Jackson declaration, but Mr. Jackson's quantitative analysis allows the Court to understand the administrative record more completely. Thus, omitting the declaration would handicap both Plaintiff and the Court. Surely, such an outcome is not what the Federal Circuit in <u>Axiom</u> intended. Rather, the holding in <u>Axiom</u> is that the Court must "exercise restraint" when supplementing the administrative record to ensure that parties are not supplementing the record "with whatever they want." <u>Allied Tech. Grp., Inc. v. United States</u>, 92 Fed. Cl. 226, 230 (2010) (quoting <u>Axiom</u>, 564 F.3d at 1380). After making the threshold determination as <u>Axiom</u> requires, the Court finds that the Jackson declaration is necessary to permit meaningful review of the administrative record.

It is well established that the focal point for judicial review should be the administrative record already in existence. <u>See, e.g.</u>, <u>Fla. Power Light v Lorion</u>, 470 U.S. 729, 743-44 (1985). The admission of the Jackson declaration into the Court's record will not shift the focal point of the judicial review. On the contrary, the Jackson declaration will allow the Court to take a deeper dive into information that is already in the administrative record. The Jackson declaration does not substitute Mr. Jackson's judgment for the agency's judgment. Nor does the declaration introduce facts outside the administrative record. Rather, the declaration makes calculations based on data already contained in the administrative record, so that the Court can better understand the record.

4

C. This Bid Protest's Complexity Distinguishes it from *Al Ghanim.*

Under the Federal Circuit's ruling in Axiom, supplementation of the administrative record should be limited to cases in which the omission of extra-record evidence would preclude effective judicial review. 564 F.3d at 1380. Like all broad standards, applying the guidance from Axiom turns on the facts of each individual case. Indeed, the complexity of this bid protest distinguishes it from Al Ghanim Combined Grp. v. United States, a case relied upon by the Government and Akal in support of their motions to strike. 56 Fed. Cl. 502 (2003).

In Al Ghanim, the Court rejected the protester's attempt to supplement the record with Mr. Jackson's expert declarations. 56 Fed. Cl. at 511-12. There, Mr. Jackson's declaration opined that the contracting agency had failed to perform a cost realism analysis. The Court found that plaintiff's arguments were "devoid of complexities that might require expert assistance" because the argument boiled down to a matter of contract interpretation, which is outside the scope of proper supplementation. The Court also found that plaintiff's counsel could explain its arguments fully without the need of expert testimony. By comparison, Plaintiff in this case relies on the expert testimony of Mr. Jackson to demonstrate that the SSA committed errors, which prejudiced FirstLine. Unlike in Al Ghanim, the present case is sufficiently complex such that the Court needs the expert assistance of Mr. Jackson to evaluate Plaintiff's arguments and the issue of prejudice.

D. The Jackson Declaration is Admissible under Federal Rule of Evidence 702.

Supplementation of the administrative record with expert testimony is appropriate when necessary to assist the Court in understanding technical or complex information in a bid protest. NCL Logistics Co. v. United States, 109 Fed. Cl. 596, 613 (2012); see also Guzar Mirbachakot Transp. v. United States, 104 Fed. Cl. 53, 64 (2012) (deeming expert testimony as essential for resolution of the protest and consistent with Federal Rule of Evidence 702 because of the technical nature of compressed and zip files); Hunt Bldg. Co., Ltd. v. United States, 61 Fed. Cl. 243, 272 (2004) (permitting supplementation of record with deposition of economist to assist the Court in understanding the financing of military housing privatization project); Mike Hooks, Inc. v. United States, 39 Fed. Cl. 147, 158 (1997) (allowing supplementation of record with expert testimony because of technical nature of production rates for shoal dredging).

The question here is whether the Jackson declaration should be admissible as expert testimony under Rule 702 of the Federal Rules of Evidence ("FRE"). Under FRE 702, "scientific, technical, or other specialized knowledge" may be admissible as expert testimony if it assists "the trier of fact to understand the evidence or to determine a fact in

issue." Texas Digital Sys. v. Telegenix, Inc., 308 F.3d 1193, 1216 (Fed. Cir. 2002). In this case, Mr. Jackson's education and professional experience qualify him to perform cost and price analysis. This expertise will greatly assist the Court in understanding evidence in the administrative record. Accordingly, the Jackson declaration is admissible under FRE 702.

## Conclusion

For the reasons set forth above, the Government and Akal's motion to strike the Declaration of Jimmy Jackson is DENIED.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge